83,236-02

SHERRY RADACK
 CHIEF JUSTICE

TERRY JENNINGS
EVELYN KEYES
LAURA CARTER HIGLEY
JANE BLAND
MICHAEL MASSENGALE
HARVEY BROWN
REBECA HUDDLE
RUSSELL LLOYD
 JUSTICES



# Court of Appeals
# First District
**301 Fannin Street**
**Houston, Texas 77002-2066**

CHRISTOPHER A. PRINE
CLERK OF THE COURT

JANET WILLIAMS
CHIEF STAFF ATTORNEY

PHONE: 713-274-2700
FAX:    713-755-8131

www.1stcoa.courts.state.tx.us

October 21, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 23 2015

Abel Acosta, Clerk

Court of Criminal Appeals
Clerk's Office
201 West 14th Street, Room 106
Austin, TX 78711

RE:     **Document received in the First Court of Appeals**

On October 5, 2015, Stevie Wyre mistakenly filed in this Court a mandamus from trial court cause no. 1364440 and First Court of Appeals case no. 01-13-00414-CR. I am sending this document to your office for processing in case you may not have received this document as noted on page 5 of the petition.

Very truly yours,

/s/ Christopher A. Prine

Christopher A. Prine
Clerk of the Court

Stevie Wyre #1858012
Eastham Unit
2665 Prison Rd. #1
Lovelady, Texas 75851

September 28, 2015

Christopher Prine "Clerk"
First Court of Appeals
301 Fannin St. Rm 245
Houston, Texas 77002

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS
OCT 05 2015
CHRISTOPHER A. PRINE
CLERK

RE: Notice of the Texas Rule 2094 Mandamus
Stevie Wyre v. The Clerk in cause No. 01-13-00414CR
under Rule 72.1 Motion for Leave to file Writ of Mandamus
and Petition for Mandamus Relief.

Dear Clerk,

The purpose of this "Notice" (Letter) is to inform this Court that Applicant, Stevie Wyre pursuing (Relief) through Mandamus in the Texas Court of Criminal Appeals to accomplish Review Applicant, Application Art. 11.07 file for Consideration.

Please find a copy of the Motion for Leave and Petition for Mandamus Relief enclosed. Applicant, await for this Court Response.

Sincerely,
Stevie Wyre #1858012
Stevie Wyre #1858012
9/28/15

cc/sw/
Texas Court of Criminal Appeals
file.

NO. 01-13-00414 CR

Stevie Wyre
            Petitioner

                                        IN the
                                        First Court of
                                        Appeals
    V.                                  Houston, Texas


The Clerk
            Respondent


## Petition Motion for Leave to file Writ of Mandamus

To the Honorable Judge of Said Court:

Petitioner Stevie Wyre, move this Honorable Court to Petitioner Motion for Leave to file Writ of Mandamus that Accompany his Writ of Mandamus pursuant to Rule 72.1 of the Texas Rule of Appellate Procedure for Extraordinary Matter.

### I.

1). Petitioner As Relator, seeking Mandamus Relief have a clear Right to the Relief sought, meaning that the merits of Relief sought Are beyond dispute.

2). An Applicant seeking Habeas Corpus Relief has a Constitutional Right to Access to Courts as well as a statutory Right to file An Application for writ of Habeas Corpus with the District clerk Tex. Const. Art I § 12; Tex. Code Crim. Proc. Art. 11.07 sec.3(c). Furthermore only the legislature has the Right to suspend statutory law. Tex. Const. Art I § 26.

3). Petitioner alleges that he has a final conviction for felony offense in Case No. 01-13-00414 CR of the 179th Judicial District Court of Harris County, Texas. He assert the attempted to file his Application for Art. 11.07 sec 3(c) of the Texas Code Criminal Procedure in Received a dismissal.

A. A copy of the Advise of the Judgment and opinion, Affirming Applicant Conviction from Ms. Sharon Slopis, Attorney At Law on September 1, 2014

B. A copy of the cards from Court of Criminal Appeals. Refusing Petition for Discretionary Review on February 4, 2015 and a copy of the Motion for Rehearing on February 27, 2015.

C. A copy of the cards from the Court of Criminal Appeals Received and present on April 30, 2015 and a copy of the card from the Court of Criminal Advising that applicant, Writ of Habeas Corpus is dismissed: Conviction not final, Mandate not issued on July 22, 2015

D. Applicant requested copy of the Mandate by Letter to the Clerk of the First Court of Appeals on August 1, 2015 and on September 8, 2015.

2.

For the reason listed above, Petition prays that this Honorable Court of Criminal Appeals grants his Motion for Leave to file writ of Habeas Corpus through his Mandamus for Relief and All relief requested herein.

Wherefore, Premises Considered, Petitioner pray that said Motion be granted and all things considered.

Respectfully Submitted

Stevie Wyre

Stevie Wyre

TDCJ# 1858012 / Eastham

2665 Prison Rd. #1

Lovelady, Texas 75851

Pro Se

## Certificate of Service

I certify that a true and correct copy of the foregoing was served to the Clerk of the First Court of Appeals and Abel Acosta, Clerk of the Court of Criminal Appeals on this 28, day of September 2015.

Stevie Wyre #1858012
Stevie Wyre #1858012

## Unsworn Declaration

I, Stevie Wyre TDCJ# 1858012 declare under penalty of purjury that the foregoing are true and correct Tex. Civ. Prac. : Rem Code § 132.001 Executed on this 28, day of September 2015.

Stevie Wyre #1858012
Stevie Wyre #1858012

3.

# IN The Texas Court of Criminal Appeals Austin, Texas

Stevie Wyre
  Petitioner

v.

The Clerk
  Respondent

IN The First Court of Appeals Houston, Texas
CASE NO. 01-13-00414 CR

## Petition for Writ of Mandamus

To the Honorable Judge of the Court of Criminal Appeals:

  Comes, Stevie Wyre, Petitioner herein, and Submitt this Mandamus writ pursuant to the provision of Rule 72.1 of the Texas Rules of Appellate Procedure.

1). This Petition seeks to have this Honorable Court to compel the Respondent to issue a Mandate, According to the Texas Rule 18.1 Mandate Issuance of the Texas Rules of Appellate Procedure file and forward the Mandate to the Court of Criminal Appeals, So that this Court can timely intertain its exclusive Jurisdiction over said Habeas Corpus Act. 11.07 of the Texas Code of Criminal Procedure.

2) For Clarification purpose the Mandate Issuance the Clerk failed to perform His or Her ministerial duty out-line in Rule 18.1 and 18.2 Mandate Issuance of the Texas Rule of Appellate Procedure.

1.

## Notice Requirement

Petitioner have complied with all Notice Requirement of Rule 694 of the Texas Rule of Civil Procedure for Seeking Mandamus Relief in the Texas Court of Criminal Appeals.

## Statement of Facts

Petitioner would assert the following facts to support his claim;

A. A Copy of the Advise of the Judgment and Opinion, Affirming Applicant Conviction from Ms. Sharon Slopis, Attorney at Law on September 1, 2014.

B. A Copy of the Card from the Court of Criminal Appeals, Refusing Petition for Discretionary Review on February 4, 2015 and a Copy of the Motion for Rehearing on February 27, 2015

C. A Copy of the Cards from the Court of Criminal Appeals Received and present on April 30, 2015 and a Copy of the Card from the Court of Criminal Advising that Applicant writ of Habeas Corpus is dismissed: Conviction Not Final. Mandate Not issued on July 22, 2015.

D. Applicant Requested a Copy of the Mandate by Letter to the Clerk of the First Court of Appeals on August 1, 2015 and on September 8, 2015.

2.

## Legal Claims

Petitioner-Relator assert that the First Court of Appeals Clerk have a duty to perform with the Judgement is rendered and send to which it is directed and all parties to the proceeding when one of the following period expires, according to the Texas Rule of Appellate Procedure. So that the Clerk for the Texas Court of Criminal Appeals for Consideration pursuant to Article 11.07 of the Texas Code of Criminal Procedure.

An Applicant for Habeas Corpus relief has Constitutional Right to access to Courts as well as a Statutory Right to file an Application for Writ of Habeas Corpus with the District Clerk Tex. Const. Art I § 12; Tex. Code Crim. Proc. Art 11.07 sec 3(c) Furthermore, only the legislature has the Right to suspend Statutory law. Tex. Const. Art I § 26.

Mandamus relief may be granted, if the Petitioner-Relator show the following:

1). That the act sought to be compelled is purely ministerial.

2). A violation of Article 11.07 of the Texas Code of Criminal Procedure.

Petitioner would assert that pursuant to Article 11.07 sec. 3(c) of the Texas Code of Criminal Procedure, the Clerk has a duty to perform in a timely matter, accordingly to Rule 18.1 and 18.2 of Rule Appellate Procedure, in the process the Application to be forward to the Clerk of the Court of Criminal Appeals. Thus, the First Court of Appeals, Clerk duty is ministerial, Thus the First requirement of Mandamus Relief.

There is no provision for an Appeal concerning the (Clerk's) Refusal to perform the ministerial duty to issues file, and process papers. the inability to appeal leave Petitioner-Relator with no Adequate Remedy at Law.

Therefore, Petitioner has met the second requirement for Mandamus relief. All requirement have been met and Relief should be granted.

It is also significant to note that the "Due Process" of Law clause of the United State Constitutional and Texas Constitution Affords this Petitioner a right to the validity of his conviction through the filing of Article 11.07 writ of Habeas Corpus Application.

But, The right is being circumvented through the failure of the Clerk to the Issue a Mandate and file all papers to the Court Appropriately. So that a determination can be made on the merits of the issues present.

The Mandate is simply a command of the Court, which the Court Authorized to give and which must be obeyed - William v. State 899 S.W. 2d 13 Judgm. 219 (Tex. App. San Antonio 1995).

A Mandate is official notice of action of appellate court directed to court below advising it of action of Appellate Court And directing it to have its Judgment duly Recognized Obeyed And executed - Lewelling v. Bosworth, 840 S.W. 2d 640 - App Tex. App. Dallas 1992.

Additionally, the Texas Rule 18.1 Mandate Issuance of the Texas Rule of Appellate Procedure. The Petitioner - Relator must have a clear Right to the Relief sought meaning that the "Clerk" failure to perform His or Her ministerial duty out-line in Rule 18.1 of the Texas Rule of Appellate Procedure. See DeLeon v. Clerk 187 S.W. 3d 473 (Tex Crim. App 2006).

4.

_Whereefore Premise Considered, Petitioner pray that his Mandamus and all things within considered for Relief._

Respectfully Submitted

Stevie Wyre
Stevie Wyre
TDCJ# 1858012 / Eastham
2665 Prison Rd.# 1
Lovelady, Texas 75851
Pro Se

## Certificate of Service

I certify that a true and correct copy of the foregoing was served to the First Court of Appeals 301 Fannin Houston, Texas 77002 and Abel Acosta, Clerk of the Texas Court of Criminal Appeals P.O. Box 12308 Capitol Station Austin, Texas 78711 executed on this 28, day of September 2015.

Stevie Wyre # 1858012
Stevie Wyre # 1858012
9/28/15

## Unsworn Declaration

I, Stevie Wyre, TDCJ# 1858012 declare under penalty of purjury that the foregoing are true and correct to the Best of my personal knowledge. Tex Civ. Proc. executed on this 28 day of September 2015.

Stevie Wyre # 1858012
Stevie Wyre # 1858012
9/28/15

5.

No. 01-13-00414 CR

Stevie Wyre
TDCJ# 1858012
Petitioner - Relator

IN The
First Court of Appeals
Houston, Texas

Order

On this day, came on to be heard the foregoing Petitioner - Relator, Application for writ of Mandamus and it appears to the Court that the same should be Granted

It is therefore Order that the District Clerk shall immediately transmit to the Court of Criminal Appeals a copy of the Mandate Issuance, any answers filed and a Certificate reciting the date upon which that transmitt was made.

Signed on this day of _____ 2015

_____
Presiding Judge.

6.